PHILLIP A. TALBERT
Acting United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD GARNES,<br><br>Defendant. | CASE NO. 2:20-CR-00239-02 WBS<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: November 1, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## **STIPULATION**

Defendant Ronald Garnes was indicted on December 17, 2020. A superseding information was filed on October 28, 2021. Garnes is scheduled to appear for a change of plea hearing on November 1, 2021 at 9:00 a.m.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

/ / /

STIPULATION REGARDING HEARING                1

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take safely take place in person. General Order 635 recently extended the order allowing remote guilty please for 90 days from September 28, 2021.

In order to authorize plea hearings by remote means, the CARES Act—as implemented by General Orders 620 and subsequent extensions—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 620, as extended through General Order 635, further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Orders 620 and 635 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Orders 620 and 632. Specifically, the parties agree that:

1) There is an ongoing public safety risk with in-person court appearances given the emergence of the extremely contagious Delta Variant and the prevalence of break-through infections.

2) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and

STIPULATION REGARDING HEARING                 2

3) The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

4) Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: October 29, 2021                     PHILLIP A. TALBERT
                                            Acting United States Attorney

                                            /s/ CAMERON L. DESMOND
                                            CAMERON L. DESMOND
                                            Assistant United States Attorney

Dated: October 29, 2021                     /s/ Michael Long
                                            Michael Long
                                            Counsel for Defendant
                                            RONALD GARNES

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 620 and 632, the plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated:  November 1, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE